[Civ. No. 5751. First Appellate District, Division Two.—October 19, 1927.]

W. C. TUPPER, Respondent, v. W. G. LITTLE et al., Appellants.

180

Shepard & Shepard for Appellants.

Everts, Ewing, Wild & Everts for Respondent.

NOURSE, J.—Plaintiff sued as assignee of a promissory note in the sum of $775 executed by the defendants to W. H. Say on January 16, 1924. Plaintiff had judgment and defendants have appealed on a typewritten record.

On January 16, 1923, the defendants had agreed in writing to buy certain land from Say, a portion of the agreed purchase price being paid at the time and the remainder to be paid in fixed installments. At the close of the year the defendants, being unable to pay the interest and the installments then due, executed a modification of this agreement with Say whereby the time for payment of all installments on the principal under the contract was continued from the due dates fixed in the contract. At the same time the promissory note in suit was executed covering the amount of interest then due. On June 19, 1924, the parties executed in writing a cancellation and abandonment of the contract of purchase and a release of "any other or further obligations or liabilities" under it. Thereafter the note in suit was assigned to the plaintiff and this action was commenced on the theory that the note was given for a pre-existing debt—the interest due under the contract.

The trial court found that the note was given as an absolute payment of the balance of the interest due upon the contract of sale and that it was an entire and separate transaction not connected with the modification agreement

and expressly exempted from the releases mentioned in the abandonment agreement of June, 1924. On this appeal the appellants state that there is but one question involved and that is whether there is any support in the evidence for this finding of the trial court.

One of the appellants testified that it was at the express request of the appellants that no mention of interest was made in the modification agreement of January, 1924, but that at that time a portion of the interest due was paid in cash and the note was given with the understanding that it should have no connection with the modification contract. The witness Say testified that the note was "given in payment of a debt, the interest." One of the appellants testified that the note was not given in payment of interest, but was merely further evidence of interest due. Appellants now insist that the testimony of the witness Say was merely an expression of a conclusion of law, but, even so, it was brought out by appellants on their cross-examination of the witness and no objection was made to it. In addition to the direct evidence the fact that no mention was made of the note or the interest in the modification agreement of January, 1924, or in the release of June, 1924, would in itself support an inference that the note was a separate and complete transaction. The conceded fact that the note covered the amount of interest due, taken with this direct evidence of the intention of the parties, fully supports the findings of the trial court.

Judgment affirmed.

Koford, P. J., and Sturtevant, J., concurred.